164 So. 120

**HANNA v. BEAR.**

3 Div. 770.

Court of Appeals of Alabama.

Oct. 8, 1935.

Rehearing Denied Oct. 29, 1935.

Warren S. Reese, Jr., of Montgomery, for appellant.

Ball & Ball, of Montgomery, for appellee.

BRICKEN, Presiding Judge.

The trial of this case was had in the lower court without a jury, and judgment was rendered in favor of the plaintiff, from which this appeal was taken.

The suit was on an account for materials furnished the defendant for improvements of the premises known as the Colonial Club of Montgomery. The amount claimed to be due was $359.84, and the complaint asked for a money judgment, and for the enforcement of a mechanic's lien on the leasehold interest of the defendant in the premises. A copy of the statement of lien filed in the probate office was attached to and made a part of the complaint.

The assignment of errors is confined to two questions: (1) "The lower court erred in decreeing a lien against the leasehold rights of the defendant, Robert Hanna, in favor of the plaintiff in the property described in the complaint." (2) "The lower court erred in rendering or decreeing a money judgment against the defendant, Robert G. Hanna, in favor of the plaintiff."

We have read and given attentive consideration to all of the evidence adduced upon the trial of this case, and from the view we take as to the matters in controversy we are unable to see how the trial court could have entered any order or rendered any judgment other than those complained of.

It is conclusive, from the evidence, that appellee furnished the lumber and materials, as claimed, and that this lumber and materials went into the designated premises and were used to improve same, and with the exception of four or five small payments made by appellant, the lumber and materials have never been paid for, and that the amount of the money judgment rendered against the defendant was in exact accord with the balance due as shown by the undisputed evidence. It is also clear that the lumber was purchased from appellee by Hanna himself, or by another for Hanna, and that the debt was that of defendant cannot be questioned.

It is equally clear that the plaintiff was entitled to a lien on the leasehold rights of the defendant for materials, etc., furnished by the plaintiff to the defendant in and about the improvement of the certain premises designated. The testimony of Hanna himself dispels all doubt as to this insistence.

■ Neither of the assignments of error can be sustained. The judgment of the court has the weight and effect of a verdict by a jury, and will not be disturbed unless patently erroneous and unjust.

Several exceptions were reserved to the rulings of the court pending the trial of this case, but need not be discussed, as in our opinion what has been said is ·sufficiently conclusive to warrant the affirmance of the judgment of the lower court as rendered. It is so ordered.

Affirmed.